**UNITED STATES of America, Appellee,**

v.

**Dennis MOORE, Appellant.**

**No. 91–3202.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1992.

Decided Oct. 8, 1992.

**1228**

William C. McArthur, Little Rock, Ark., for appellant.

Kevin T. Alexander, Little Rock, Ark. (Charles A. Banks and Kevin T. Alexander, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, PECK *, Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Dennis Moore appeals from the sentence imposed on him following a guilty plea to charges of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988) and of attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). The only issue raised is the applicability of Sentencing Guideline section 3B1.1(a), which provides a four-level increase for being an organizer or leader of a criminal activity involving five or more participants. We remand for resentencing.

Moore's presentence report named several persons over whom Moore exercised a leadership role. Moore objected to the three paragraphs of the presentence report (paragraphs 16, 17, and 28) that described Moore's leadership, and asserts that the four-level adjustment for this role is not appropriate. At the sentencing hearing, Moore's counsel referred to his "several objections ... concerning conclusions made by the probation office," and these included his written objection to the four-level ad-

justment for Moore's leadership role. Counsel further stated that he didn't believe that Moore actually led or directed people in the criminal activities, that Moore denied any actual leadership or control, and that he did not believe the "leadership" guideline was intended to be applied cases such as Moore's. The district court then referred to various parts of the presentence report and cataloged some five individuals over which the report found that Moore had exercised a leadership role. The court utilized the four-level increase in calculating the final sentence. On appeal, Moore argues that the district court's reliance on the statements in the presentence report was improper.

On numerous occasions we have stated that a presentence report is not evidence and, when parties object to it, the court shall make findings with respect to controverted issues. *See United States v. Granados*, 962 F.2d 767, 771–72 (8th Cir.1992); *United States v. Streeter*, 907 F.2d 781, 791–92 (8th Cir.1990). Federal Rule of Criminal Procedure 32(c)(3)(D) states "[i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed. R.Crim.P. 32(c)(3)(D).

While the objections made by counsel in the district court to the presentence report could have been more specific, we are satisfied that they are sufficient under Rule 32(c)(3)(D). Therefore, the district court was required to make findings in accordance with the Rule. *See Granados*, 962 F.2d at 771–72; *Streeter*, 907 F.2d at 791–92. This court en banc has reiterated the principles of *Streeter* and *Granados* in *United States v. Wise*, 976 F.2d 393, 404 (8th Cir.1992).

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Accordingly, we reverse for resentencing in accordance with Rule 32(c)(3)(D) and our en banc opinion in *Wise*.