**UNITED STATES of America, Appellee,**

v.

**Michael Lambert COLEMAN, Appellant.**

**No. 92–2791.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1993.

Decided April 6, 1993.

Jerry L. Wattier, Pierre, SD, for appellant.

Kevin V. Schieffer, Sioux Falls, SD (Dennis R. Holmes, Pierre, SD, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Michael Lambert Coleman appeals the thirteen-month sentence imposed by the district court following his guilty plea to possessing marijuana with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). Coleman argues that the district court erred in its drug quantity determination and in its denial of a two-level minor-participant reduction. For the reasons set forth below, we vacate the sentence and remand.

A grand jury returned a two-count indictment against Coleman and his brother, Perry Coleman, charging them with conspiring to possess and possessing marijuana with intent to distribute it. Pursuant to a plea agreement, Michael Coleman pleaded guilty to the possession count, and the government dismissed the conspiracy charge. The plea agreement provided that his sentence would be based on the total weight of the marijuana attributable to him, but did not specify the amount.

In September 1991, Perry Coleman acquired several bundles of marijuana which he hung to dry in a secluded patch of trees in a rural area of the Lower Brule Reservation in South Dakota. Law enforcement officials discovered the site and placed it under surveillance. They saw Michael and Perry Coleman enter the site on September 13. Two days later Michael Coleman returned without his brother and left with two bundles of marijuana. He was later arrested with 23.9 ounces of marijuana (677.57 grams). The presentence report (PSR) calculated Coleman's offense level based on the marijuana in his possession plus the marijuana seized from the site, a total of 9.591 kilograms, concluding that the marijuana seized from the site was attributable to him as relevant conduct under U.S.S.G. § 1B1.3. This established a base offense level of 14. U.S.S.G. § 2D1.1(c)(15) (at least 5 but less than 10 kilograms). After deducting two levels for acceptance of responsibility, the PSR set Coleman's total offense level at 12, his criminal history category at I, and his sentencing range at 10 to 16 months.

Coleman objected to the PSR's drug quantity calculation, arguing that only the amount of marijuana in his possession at the time of his arrest could be used to calculate his offense level. He also objected to the PSR's failure to recommend a two-level minor-participant reduction under U.S.S.G. § 3B1.2(b). Testimony at the sentencing hearing indicated that Michael Coleman visited the drying site on only two occasions, September 13 and 15. On the first visit, Michael and Perry entered and remained in the area for about twenty-eight minutes, then emerged with Perry carrying a stalk of marijuana that he stashed in the truck. On September 15, officers saw a man with a small child arrive in the area, enter the drying site, and leave

carrying two bundles of marijuana, which he placed in a tool box in the back of his truck. Shortly thereafter, Michael Coleman was arrested in the truck. Law enforcement officials had no other evidence to connect Coleman to the drying operation.

Coleman testified that, before his brother showed him the marijuana at the drying site, he had no knowledge of its existence. He stated that he had not assisted in the harvesting or processing of the marijuana and that he had no agreement with his brother to share the marijuana. Coleman testified that on September 15, he returned to the drying site on the spur of the moment, intending to take a small amount of marijuana for his own use. Once he was at the site and saw all the marijuana hanging there, he decided to "steal" some of it from his brother to sell for some extra money.

Coleman argued that the marijuana from the drying site should not be used to calculate his base offense level because he did not engage in any joint criminal activity with his brother as required by section 1B1.3. He also requested a two-level reduction under section 3B1.2(b). The government advanced two different theories as to why Coleman's sentence should be based on all the marijuana: first, he had access to the drying site and thus had constructive joint possession of all the marijuana there; and second, Coleman had joined his brother's ongoing criminal activity, the purpose of which was to distribute the marijuana at the drying site, and all the marijuana found at the site could be attributed to him for sentencing purposes.

The district court denied both of Coleman's objections. The court stated that Coleman's testimony about stealing the marijuana was not credible. But the court did not explain why it attributed all of the marijuana from the site to Coleman or indicate which of the government's alternative theories it found persuasive. On appeal, Coleman argues that the district court erred by (1) failing to require the government to prove, by clear and convincing evidence, that he possessed all the marijuana at the drying site; (2) failing to make specific findings of fact explaining its deci-

sion to attribute all of the marijuana to him for sentencing purposes; and (3) denying his request for a minor-participant reduction.

■ Regarding the standard of proof, Coleman concedes that the government is ordinarily required to prove "the factual prerequisites to a sentence enhancement by a preponderance of the evidence." *United States v. Townley*, 929 F.2d 365, 370 (8th Cir.1991). He correctly points out, however, that "due process conceivably could require more than a mere preponderance" standard where "a sentence enhancement factor becomes 'a tail which wags the dog of the substantive offense.'" *Id.* at 369 (quoting *McMillan v. Pennsylvania*, 477 U.S. 79, 88, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67 (1986)). He argues that this is such a case because the court's decision to attribute to him all the marijuana from the site increased his base offense level by 6, and elevated his sentencing range from 0 to 6 months to 10 to 16 months. We reject this argument in light of *United States v. Galloway*, 976 F.2d 414, 425–26 (8th Cir.1992) (en banc), *cert. denied*, — U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993), in which we held that due process did not require a heightened standard of proof for relevant conduct, even though use of the conduct increased that defendant's sentencing range from 21 to 27 months to 63 to 78 months.

■ Coleman next contends that the district court failed to make specific findings to explain its drug-quantity decision and that this failure requires remand. "When the defendant has objected to the [drug] quantity attributed to him in the PSR, ... Rule 32(c)(3)(D) requires the district court to make findings that explain how it has resolved this controverted issue." *United States v. Candie*, 974 F.2d 61, 65 (8th Cir. 1992). We have repeatedly stressed the importance of and the need for specific factual findings with respect to controverted matters in presentence reports. *See United States v. Moore*, 977 F.2d 1227, 1228 (8th Cir.1992). "[S]trict compliance with Rule 32(c)(3)(D)'s requirement that the court make a finding as to each controverted material fact in the PSR is essential to

meaningful appellate review and the fairness of the sentencing process." *Candie*, 974 F.2d at 65. When the absence of such findings renders the court "unable to review whether the determination was clearly erroneous," a remand for further findings is warranted. *United States v. Alexander*, 982 F.2d 262, 268 (8th Cir.1992).

Here, the district court did not explain why it found Coleman responsible for the entire amount of the marijuana at the drying site. The government had advanced alternative theories under which the entire amount could be attributed to Coleman, but the court did not state which theory it applied. We are thus unable to engage in any meaningful review of the court's decision. Therefore, we remand for additional findings, and instruct the court, on remand, to articulate its legal basis for holding Coleman responsible for the marijuana at the drying site.

Coleman's final claim is that the district court erred by denying him a two-level minor-participant reduction under section 3B1.2(b). We review the denial of such a reduction under the clearly-erroneous standard. *United States v. Wilson*, 955 F.2d 547, 551 (8th Cir.1992). "For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants." Section 3B1.2(b), comment. (n. 3). The defendant has the burden of proof on this issue. *See United States v. Dinges*, 917 F.2d 1133, 1135 (8th Cir.1990). A defendant is not entitled to a minor-participant reduction simply because he or she is less culpable than a codefendant. *United States v. West*, 942 F.2d 528, 531 (8th Cir.1991). Again, we are unable to discern from the record why the court denied Coleman's request for the reduction. Therefore, we remand for additional findings on this issue and instruct the district court to reconsider its decision.

Accordingly, we vacate the district court's judgment and remand for additional proceedings consistent with this opinion.