52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jeff SALINAS, Appellant.
 No. 94-3135SD
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 5, 1995
Filed: Apr. 25, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeff Salinas appeals the twenty-four month sentence imposed by the district court after Salinas pleaded guilty to conspiracy to distribute and to possess with intent to distribute marijuana during July and August of 1993. We affirm.
 
 
 2
 Salinas's presentence report (PSR) recommended holding him accountable for 22.25 pounds of marijuana. This amount included 1.25 pounds Salinas distributed to confidential informant Lawren Barse and another individual during the charged conspiracy, and twenty-one pounds that Texas border patrol agents found in the gas tank of a car driven by Barse as Barse and Salinas returned from a trip to Texas on September 6, 1993.
 
 
 3
 At sentencing, Salinas argued the district court should not hold him accountable for the twenty-one pounds found in the gas tank. After hearing testimony from Salinas, Barse, an FBI case agent, and a border patrol agent, the district court found by a preponderance of the evidence that Salinas knew about the marijuana in the gas tank. The court also determined Barse, Salinas, and another individual were conspiring to take the marijuana to South Dakota, and Salinas was the leader of the conspiracy. The district court thus attributed the marijuana to Salinas under the Sentencing Guidelines' relevant conduct provision, U.S.S.G. Sec. 1B1.3 (Nov. 1993), resulting in a base offense level of sixteen. The district court then increased Salinas's base offense level by two because Salinas was an organizer or leader of the charged conspiracy, and reduced the base offense level by three for acceptance of responsibility. Based on Salinas's criminal history category of III, Salinas's sentencing range was twenty-four to thirty months. The district court sentenced Salinas to twenty-four months of imprisonment and two years of supervised release.
 
 
 4
 On appeal, Salinas contends that attempting to bring the marijuana through the checkpoint was not relevant conduct under Sec. 1B1.3. We disagree. "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. Sec. 1B1.3 backg'd commentary. "Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses and the time interval between the offenses." Id. n.9(B). In this case, the attempt to bring marijuana through the checkpoint was closely related to the charged conspiracy to distribute marijuana. The district court found the run-in with the border patrol involved the same drug and co- conspirator as the charged conspiracy, and took place only six days outside the time period of that conspiracy. Further, Salinas and Barse were taking the marijuana found in the gas tank to the area where Salinas had distributed marijuana during the charged conspiracy. We conclude the district court did not commit clear error in finding the attempt to smuggle marijuana through the checkpoint was part of the same course of conduct as Salinas's charged conspiracy to distribute marijuana, and thus was relevant conduct. See United States v. Redlin, 983 F.2d 893, 897 (8th Cir.), cert. denied, 114 S. Ct. 75 (1993).
 
 
 5
 Salinas also contends the district court committed error by applying the preponderance of the evidence standard in determining that the relevant conduct was attributable to Salinas. According to Salinas, the Government was required to meet the clear and convincing evidence standard, because the relevant conduct increased Salinas's sentencing range from a two to eight month range to a twenty-four to thirty month range. See United States v. Townley, 929 F.2d 365, 369-70 (8th Cir. 1991) (suggesting in dicta that seven-fold increase in sentence might require proof at sentencing by more than preponderance of the evidence). This argument also fails. The Government ordinarily "bears the burden of proving by a preponderance of [reliable] evidence the quantity of drugs involved" in an offense. United States v. Smiley, 997 F.2d 475, 481 (8th Cir. 1993). In this case, the relevant conduct did not cause a large enough increase in the applicable sentencing range to require the Government to meet a higher standard of proof. See United States v. Coleman, 990 F.2d 419, 421 (8th Cir. 1993); United States v. Galloway, 976 F.2d 414, 425-26 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1420 (1993).
 
 
 6
 We also reject Salinas's contention that the district court committed error in attributing the relevant conduct to Salinas. The district court's findings about the drug quantity attributable to Salinas will not be overturned on appeal unless clearly erroneous, and its findings as to witness credibility are " 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)). At sentencing, the district court weighed the testimony of Barse, Salinas, and a border patrol agent, and found Salinas led a conspiracy to smuggle the twenty-one pounds of marijuana through the Texas checkpoint. Having carefully reviewed the record, we find no clear error.
 
 
 7
 We affirm Salinas's sentence.