62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Lucinda COLLINS, also known as Virginia Collins, also known
as Luceen Collins, Appellant.
 No. 95-1416.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 28, 1995.
Filed: Aug. 11, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lucinda Collins appeals the 40-month sentence imposed by the district court[1] following her guilty plea to one count of manufacturing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 After discovering marijuana patches on national forest land, law enforcement officers set up a video camera to monitor the area. It is undisputed that the videotape showed Collins pruning the marijuana plants. The officers ultimately located seventeen marijuana patches in the area, containing seventy-five marijuana plants, and arrested Collins and her husband, who was seen with Collins on the videotape. At sentencing, Collins requested a mitigating role reduction under U.S.S.G. Sec. 3B1.2, arguing that she had acted only as a "pruner/helper," and had had a significantly lesser role than that of her husband. After listening to the testimony of Collins, her husband, and an investigator who had viewed the videotape, the district court concluded that Collins's role in the offense could not be considered minor or minimal, and denied her request. Collins appeals.
 
 
 3
 We review for clear error the district court's determination that Collins was not entitled to a role reduction. See United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir.1993), cert. denied, 114 S. Ct. 1549 (1994). Minimal-participant role reductions are reserved for defendants "who are plainly among the least culpable of those involved in the conduct of a group," and are meant to be used infrequently. One factor indicating such a role is the defendant's ignorance of the "scope and structure of the enterprise and of the activities of others." U.S.S.G. Sec. 3B1.2, comment. (nn.1-2). A minor participant is one "who is less culpable than most other[s]," but who is not a minimal participant. Id. at (n.3).
 
 
 4
 We agree with the district court that Collins was not entitled to a minor-participant reduction merely because she was less culpable than her husband. See United States v. Coleman, 990 F.2d 419, 422 (8th Cir.1993). The sentencing testimony shows Collins knew about the marijuana crop, she accompanied her husband to check on it "most of the time," she pruned the plants with some level of expertise, and she carried fencing material away from the area. Cf. United States v. Belden, 957 F.2d 671, 676 (9th Cir.) (finding no clear error in denial of minor-participant reduction where defendant's only role in marijuana growing operation was installation and maintenance of generator), cert. denied, 113 S. Ct. 234 (1992). We cannot say that the district court clearly erred in denying Collins a role reduction.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas