United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2670
_____

United States of America,                  *
                                            *
          Plaintiff - Appellee,             *   Appeal from the United States
                                            *   District Court for the
     v.                                     *   District of North Dakota.
                                            *
Sergio Javier Granados,                     *
                                            *
          Defendant - Appellant.            *
                                            *


_____

Submitted: February 14, 1997
          Filed: July 8, 1997
_____

Before MCMILLIAN, JOHN R. GIBSON, AND FAGG, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

     A jury found Sergio Javier Granados guilty of various drug and
firearm charges.  The district court sentenced Granados to 348 months of
imprisonment.  Granados appeals, arguing that the district court: (1)
incorrectly denied his motion to dismiss four counts of his indictment for
improper venue; (2) violated his Sixth Amendment right to a fair and
impartial jury by conducting voir dire in a manner that prevented his
counsel from intelligently exercising preemptory challenges; (3) conducted
the trial in a manner that tainted the fairness of the trial; and (4) erred
in determining the quantity of drugs attributable to him, and thus
incorrectly calculated his base offense level.  We reverse

Granados's sentence and remand for resentencing to determine the amount of drugs attributable to him, but find no other reversible error by the district court.

In early 1994 Granados began distributing cocaine in the Fargo, North Dakota/Moorhead, Minneapolis area. Several others also were involved in the distribution process. Eventually, the group distributed heroin as well. Here, trial testimony was that the cocaine and heroin distributed by the group came from the Chicago, Illinois area. Seven of Granados's co-defendants pled guilty to numerous drug-related charges. Because Granados does not appeal any issues that require detailed analysis of the facts, no further information on the conspiracy is necessary.

**I.**

The district court issued an order stating that venue was appropriate because the indictment against Granados included a drug conspiracy charge. Granados argues that the district court incorrectly denied his motion to dismiss Counts II, IV, V, and VII of the indictment against him for improper venue because these acts occurred in Minnesota. The government responds that venue was proper for Counts IV and VII because possession with intent to distribute is a continuing offense, and proper for Counts II and V because Granados's actions in Fargo aided and abetted the distribution of cocaine at the Minnesota locations.

"Proper venue is required by Article III, § 2 of the United States Constitution and by the sixth amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." United States v. Bascope-Zurita, 68 F.3d 1057, 1062 (8th Cir. 1995), cert. denied, 116 S. Ct. 741 (1996). See also "The Trial of all Crimes, except in Cases of Impeachment, shall be . . . held in the State where the said Crimes shall have been committed. . ." U.S. Const., art. III, § 2, cl. 3; "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." Fed. R. Crim. P. 18. Congress further has provided that "any offense

against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (1994).

The district court observed that the indictment included a conspiracy charge, and found that acts in furtherance of the conspiracy took place in Minnesota and North Dakota. Quoting Bascope-Zurita, 68 F.3d at 1062, the district court held that "venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators" and thus denied Granados's motion to dismiss for improper venue.

At issue before us today, however, is not proper venue for the conspiracy count against Granados, but rather whether venue was proper for the substantive crimes stemming from the conspiracy counts. When a defendant is charged with more than one count, venue must be proper with respect to each count. See United States v. Corona, 34 F.3d 876, 879 (9th Cir. 1994). Courts must perform a separate venue analysis for the substantive crimes and the conspiracy, even if the substantive crimes are committed in furtherance of the conspiracy. See id.

Count IV charged Granados with violating, in North Dakota and elsewhere, 21 U.S.C. § 841(a)(1) (1994) by possessing cocaine and heroin with intent to distribute them and with distributing them at the Pierce Trailer Court in Moorhead, Minnesota. Count VII charged Granados with violating, in North Dakota and elsewhere, 21 U.S.C. § 841(a)(1) by possessing cocaine and heroin with intent to distribute them and distributing them at the apartments located at 2409 4th Avenue North in Moorhead, Minnesota.

This circuit has recognized possession of drugs with intent to distribute to be a continuing crime. See United States v. Swinney, 970 F.2d 494, 497 (8th Cir.), cert. denied, 506 U.S. 1011 (1992); United States v. Kiser, 948 F.2d 418, 425 (8th Cir.

1991), cert. denied, 503 U.S. 983 (1992); United States v. Delgado, 914 F.2d 1062, 1065-66 (8th Cir. 1990). "If the offense was begun in one district and completed in another, or committed in multiple districts, the government may try the case in any district where the offense was 'begun, continued, or completed.'" Swinney, 970 F.2d at 497 (quoting Kiser, 948 F.2d at 425). Thus, Granados can properly be tried in any district where he had possession of the cocaine, whether he intended to distribute the cocaine in that district or somewhere else. See id.

In this case trial testimony from several sources indicated that Granados stored his drug supply at different locations in Fargo, North Dakota. The cocaine eventually was supplied in smaller quantities to other individuals who sold the cocaine to individual users under Granados's direction. Because Granados possessed the cocaine in North Dakota, venue was correct for Counts IV and VII which charged Granados with possessing with the intent to distribute and distributing cocaine.

Count II of the indictment charged that in North Dakota and elsewhere, Granados and others, knowingly and intentionally distributed cocaine at the Ron Jo Apartments located in Moorhead, Minnesota in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1994), which makes it a crime to aid and abet another in an illegal act. Count V charged that in North Dakota and elsewhere, Granados knowingly and intentionally distributed cocaine at the Skaff Apartments in Moorhead, Minnesota in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

We also hold that venue was correct for these counts that charged Granados with distributing cocaine and with aiding and abetting in the distribution of cocaine. The judge instructed the jury both on the distribution charge and on the aiding and abetting charge, and therefore the jury could have found liability for Counts II and V on either of these theories.

As discussed above, the trial testimony indicated that Granados obtained drugs in Chicago and arranged to have these drugs transported to Fargo. Granados used several locations in North Dakota to store large quantities of drugs. From these storage locations Granados sometimes packaged the drugs into small, sellable quantities that he then transferred to his co-defendants to sell to users at the Ron Jo Apartments and the Skaff Apartments, among other locations. The trial testimony further established that Joe Greywind, Jose Garza, and Jose Camacho actually sold the drugs that they obtained from Granados at either the Ron Jo or Skaff Apartments or both. Though venue was not proper in North Dakota for Granados's actual distribution of drugs at the Ron Jo and Skaff Apartments in Minnesota, the jury reasonably could have found that Granados's actions in Fargo, North Dakota aided and abetted Greywind, Garza, and Camacho in distributing cocaine at these Minnesota apartments. We therefore hold that venue is proper in North Dakota, where Granados committed his accessorial acts. See United States v. Kilpatrick, 458 F.2d 864, 868 (7th Cir. 1972) (venue proper where aider and abettor committed accessorial acts or where principal committed substantive crime).

## II.

Granados next argues that the district court violated his Sixth Amendment right to a fair and impartial jury by conducting voir dire in a manner that prevented his counsel from intelligently exercising preemptory challenges. The form and scope of voir dire rests primarily in the discretion of the district court. See United States v. Disbrow, 768 F.2d 976, 979 (8th Cir.), cert. denied, 474 U.S. 1023 (1985).

Our review of whether the district judge conducted voir dire in a way that protected Granados's Sixth Amendment right to a fair and impartial jury is limited to an abuse of discretion. See United States v. Spaar, 748 F.2d 1249, 1253 (8th Cir. 1984). The district court abuses its discretion when the overall examination of the prospective jurors and the charge to the jury fails to protect that defendant from

prejudice or fails to allow the defense to intelligently use its preemptory challenges.  See id.

In his argument that the district court conducted the voir dire process unfairly, Granados raises two primary complaints: (1) that the district court rushed through the process of questioning the potential jurors in a way that prevented his counsel from getting the necessary information about each potential juror to intelligently exercise preemptory challenges; and (2) that the questions the district court asked the potential jurors did not address the concerns involving gangs and prejudice towards minorities expressed by Granados in his proposed voir dire questions.  The government responds that Granados's argument fails because his counsel did not request that the district court ask the potential jurors additional questions involving these concerns.

Review of the voir dire transcript indicates that the trial court asked counsel on both sides whether they had any further questions of the prospective jurors.  Indeed,  the trial court granted defense counsel's request to ask additional questions several times.  We further observe that the trial court granted Granados's counsel's request for a break before peremptory challenges.  Generally, when Granados's counsel objected, the trial court complied with his request.  Where counsel failed to further object, however, we cannot reverse the district court unless its actions are plain error. See United States v. Griggs, 71 F.3d 276, 279 (8th Cir. 1995). The plain error standard allows us to provide a remedy to an aggrieved defendant who shows the error was so prejudicial as to cause a miscarriage of justice.  See Hicks v. Mickelson, 835 F.2d 721, 724 (8th Cir. 1987).

Here, we find no evidence of plain error.  First, we observe that the district judge asked a few questions of each juror individually, and asked counsel on both sides a few times whether they had additional questions they wanted him to ask.  When a lawyer posed additional questions, the court generally asked them.  None of Granados's counsel's additional questions concerned gangs or prejudice towards minorities, and his

counsel did not further object.  The court's failure to ask proposed voir dire questions does not warrant a finding of plain error.  See United States v. Bowman,  602 F.2d 160, 165 (8th Cir. 1979).  In light of the initial questions asked by the judge and the additional questions proposed by counsel on both sides, the questioning adequately covered the serious areas for consideration in selecting a fair and impartial jury.  See Hicks, 835 F.2d at 725.  Further in light of the trial court's grant of a recess requested by Granados's counsel before the beginning of peremptory challenges, there was no rushing of the voir dire process, and even if the court did rush the process, it was not plain error.

## III.

Next, Granados argues that the district court lost its impartiality and conducted the trial proceedings in a manner that tainted the fairness of the proceedings by showing a bias and partiality towards the prosecution.  At trial, however, Granados's counsel failed to object to any of the instances Granados raises on appeal as evidence of the trial court's impartiality.  We review for plain error arguments not raised before the district court.  See Griggs, 71 F.3d at 279.  After careful review of the trial transcript, we find no plain error.

## IV.

In his last argument, Granados argues that the district court erred in its determination of the quantity of drugs attributable to him, and thus erred in calculating his base level offense under the Sentencing Guidelines.

We review a district court's computation of the quantity of drugs attributable to a defendant for clear error.  See United States v. Rice, 49 F.3d 378, 382 (8th Cir.), cert. denied, 115 S. Ct. 2630 (1995).  "'When the defendant has objected to the [drug] quantity attributed to him in the [Presentence Investigation Report], . . . Rule

32(c)(3)(D) requires the district court to make findings that explain how it has resolved this controverted issue.'" United States v. Coleman, 990 F.2d 419, 421 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 65 (8th Cir. 1992)). We often have emphasized the importance of and need for specific findings regarding disputed matters in the presentence investigation report. See id. "[S]trict compliance with Rule 32(c)(3)(D)'s requirement that the court make a finding as to each controverted material fact in the [Presentence Investigation Report] is essential to meaningful appellate review and the fairness of the sentencing process." Id. at 421-22 (quotation omitted).

At the sentencing hearing Granados objected to the quantity of drugs attributed to him and requested an evidentiary hearing on this issue. In discussing whether an evidentiary hearing regarding quantity was necessary, the district judge admitted that the trial testimony regarding quantity was often vague and uncertain because only Granados's guilt or innocence was at issue. Later, the district judge expressed concern that his recollections of the trial testimony might not constitute a sufficient record for substantiating a sentence. After further argument from counsel and a brief recess, however, the district judge made a factual finding attributing five kilos of controlled substances to Granados. This finding was based upon the district judge's recollection of trial testimony concerning a couple of locations where Granados had stored cocaine, testimony that indicated that some of the cocaine had become unusable, and testimony involving "descriptions of others to various quantities." The judge, however, failed to make any specific quantity determinations. Later, in an ex parte letter to John Schneider, United States Attorney, the district judge stated that the "record of the sentencing hearing [did not] justif[y] this finding of fact."

Based upon this record, there is no doubt that the district court did not comply with Rule 32(c)(3)(D)'s strict requirement that the court make findings that explain the controverted issue. See Coleman, 990 F.2d at 421. Here, the district judge made no specific findings and even admitted that the record did not justify his fact finding. This

requires reversal. The Sentencing Guidelines require strict compliance, and those convicted are entitled to the articulation of findings required by the rule.

Accordingly, we vacate Granados's sentence and remand for resentencing.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.