# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3974

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| Ray Campbell, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 12, 1998

Filed:  August 6, 1998

_____

Before McMILLIAN, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Acting on a tip from hotel employees, police officers in Cedar Rapids, Iowa, went to the hotel to arrest Jose Dealejandro for a parole violation.  At the time that they effected the arrest, the officers detained and searched three people who were with Mr. Dealejandro, including Ray Campbell.  On Mr. Dealejandro's person, the officers found 155 grams of amphetamine and a .22-caliber semi-automatic pistol; in the room that Mr. Dealejandro had rented, they found a police scanner and a small quantity of marijuana.  On Mr. Campbell's person, the officers found a 10-millimeter semi-

automatic pistol and $1,793 in cash; on the ground in front of Mr. Campbell, they found keys to a Chrysler.

The officers soon located the owner of the Chrysler, who had arrived at the hotel in Mr. Campbell's Pontiac, and they then searched both vehicles. In the Chrysler, the officers found a number of rounds of ammunition and spent shell casings, a holster, and a notebook that they believed to be a drug ledger; in the Pontiac, they discovered an empty bottle of ephedrine, a drug used in the manufacture of methamphetamine.

Mr. Campbell was arrested and indicted, as relevant here, for possessing 155 grams of amphetamine and aiding and abetting the possession of that amphetamine with intent to distribute it, *see* 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. § 2(a), and for conspiring to distribute amphetamine, *see* 21 U.S.C. § 846. After a two-day trial, a jury convicted Mr. Campbell on those counts, and the trial court sentenced him to 160 months in prison.

Mr. Campbell appeals his conviction, arguing that the trial court erred in allowing Bryce Scott to testify at trial that he saw Mr. Campbell at a garage on the same day that a friend of Mr. Scott's purchased two kilograms of cocaine there. Mr. Campbell also appeals his sentence, arguing that the trial court improperly included the sale of cocaine to Mr. Scott's friend as relevant conduct in determining Mr. Campbell's sentence. Finally, Mr. Campbell argues that the trial court improperly excluded the testimony of certain witnesses at sentencing regarding other alleged relevant conduct.

We find no error in the conviction and we therefore uphold it. On the sentencing issues, however, we find that the record does not support the trial court's findings of fact with respect to the sale of the two kilograms of cocaine to Mr. Scott's friend. We therefore vacate Mr. Campbell's sentence and remand the matter for further proceedings.

## I.

At trial, the government called Mr. Scott, who had had a conversation with Mr. Campbell while they were both incarcerated. According to Mr. Scott's testimony, during that conversation Mr. Campbell reminded Mr. Scott that the two of them had met at a garage in Moline, Illinois, and Mr. Scott then recalled seeing Mr. Campbell there. Mr. Scott further testified that Mr. Campbell also reminded him that drugs had been sold at the garage that day. Finally, Mr. Scott testified that a friend of his had indeed purchased two kilograms of cocaine that day at the garage, although Mr. Scott did not testify that Mr. Campbell was involved in the sale of that cocaine.

The trial court admitted Mr. Scott's testimony over Mr. Campbell's objection under Fed. R. Evid. 404(b), as evidence that Mr. Campbell's involvement with Mr. Dealejandro and the 155 grams of amphetamine was not a mistake. After carefully reviewing the record, we hold that even if the trial court erred in admitting this evidence, given the compelling evidence in the record of Mr. Campbell's guilt (not the least damning of which was his admission to Mr. Scott that he was Mr. Dealejandro's partner in dealing drugs), the error was harmless at worst. *See*, *e.g.*, *United States v. Beasley*, 102 F.3d 1440, 1449 (8th Cir. 1996), *cert. denied*, 117 S. Ct. 1856 (1997).

## II.

Mr. Campbell raises two sentencing issues. As a preliminary matter, we disagree with the government's contention that Mr. Campbell has waived any objection to the facts contained in his presentence report (PSR). In a presentence submission, the government and Mr. Campbell did indeed stipulate that the facts set forth in relevant paragraphs of the PSR accurately reflected evidence presented at trial. In that same submission, however, Mr. Campbell also clearly objected to the paragraphs in which three specific drug transactions, involving two different drugs, were attributed to him as conduct relevant to sentencing.

It is familiar law that the government must establish, by a preponderance of the evidence, the quantities of drugs to be attributed to a defendant for sentencing purposes. *See*, *e.g.*, *United States v. Padilla-Pena*, 129 F.3d 457, 467 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 2063, 2064 (1998). Under Fed. R. Crim. P. 32(c)(1), the sentencing court must determine these amounts at the sentencing hearing. A sentencing court's determination of the quantity of drugs is a finding of fact and is reviewed for clear error. *See*, *e.g.*, *United States v. Payne*, 119 F.3d 637, 645 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 454 (1997).

In this case, the trial court attributed to Mr. Campbell two quantities of drugs in addition to the 155 grams of amphetamine that Mr. Dealejandro was carrying. First, the court concluded from Mr. Scott's testimony that Mr. Campbell had been involved in the sale of the two kilograms of cocaine at the garage. Second, the court attributed seven ounces of methamphetamine to Mr. Campbell based on the testimony of Samuel Robertson. We turn first to the question of the cocaine.

We cannot find any support in the record for the attribution to Mr. Campbell of the two kilograms of cocaine sold to Mr. Scott's friend. Mr. Scott was the only witness at trial who testified about this cocaine transaction, and his testimony, as relevant here, was limited to establishing that Mr. Campbell was present at a garage where drugs were sold and that Mr. Campbell was aware that drugs were sold there. Mr. Scott's testimony also tended to show that two kilograms of cocaine were sold at the garage on the same day that Mr. Campbell was there. But Mr. Scott did not testify that Mr. Campbell was present at the garage when this sale of drugs took place, let alone that Mr. Campbell was involved in the sale in any way. We therefore believe that the trial court clearly erred in attributing the two kilograms of cocaine to Mr. Campbell.

With respect to the methamphetamine, we find ample evidence in the record to support the attribution of the seven ounces of methamphetamine to Mr. Campbell. Mr. Robertson stated at trial that Mr. Campbell had sold approximately one ounce of

methamphetamine to him on at least six occasions and that, on another occasion, he had traded six to eight firearms to Mr. Campbell in exchange for an additional one or two ounces of methamphetamine.

Mr. Campbell contends that the trial court refused to allow him to present the testimony of three witnesses to rebut Mr. Robertson's testimony. Mr. Campbell asserts that in doing so, the trial court violated the provisions of Fed. R. Crim. P. 32(c)(1) that require a sentencing court to make specific findings with respect to any factual determinations contained in a PSR that a defendant challenges or to state that the material at issue will not be considered in imposing the sentence. The rule further provides that a sentencing court, "in its discretion," "may ... permit the parties to introduce testimony or other evidence" that is relevant to the challenge. It is apparent to us, however, that Mr. Campbell forfeited the opportunity to bring witnesses to testify at his sentencing.

Mr. Campbell and the government signed the presentence submission already alluded to on August 21, 1997, and in it Mr. Campbell stated his desire to bring three witnesses who were incarcerated to testify at the sentencing hearing. A little more than a month later, the trial court ordered Mr. Campbell to set forth the witnesses' addresses and the substance of their expected testimony, and to file this information no later than 5:00 p.m. on October 2.

On October 2, however, Mr. Campbell's attorney mailed a letter explaining, in general terms only, that his witnesses would testify that Mr. Robertson was lying at the trial and was doing so only to get better treatment from the government in his own case. The letter did not include the addresses of the three witnesses, even though Mr. Campbell, at the sentencing hearing at least, seemed to know their whereabouts in the prison system.

The trial court did not receive the letter until October 6. That same day, the trial court granted an extension of its order, giving Mr. Campbell until October 10 to comply, but Mr. Campbell failed to amend his statement to give addresses or a more specific indication of what the testimony of his witnesses would be. Finally, on October 20, the trial court denied Mr. Campbell's Motion for Production of Incarcerated Witnesses, noting that he had failed to comply with the court's prior orders. We think that this denial was altogether reasonable, given Mr. Campbell's series of failures to meet the trial court's deadlines.

## III.

For the reasons given, we affirm Mr. Campbell's conviction. We vacate his sentence and remand the matter to the trial court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.