# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2488

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Sergio Javier Granados, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  October 21, 1999

Filed:  January 31, 2000

_____

Before BEAM, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

This case comes before us for the second time.  Previously, we remanded for resentencing because the district court[1] failed to sufficiently resolve the dispute surrounding the quantity of drugs attributable to Sergio Javier Granados.  See United States v. Granados, 117 F.3d 1089 (8th Cir. 1997).  On remand, the district court made specific quantity findings and reduced Granados's sentence.  Granados appeals the new sentence, arguing that the district court (1) violated his due process rights by not

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

allowing him to present witnesses at his sentencing hearing, and (2) erred in determining the quantity of drugs attributable to him and thus erred in determining his base offense level for sentencing purposes. We affirm the sentence imposed by the district court.

Granados was indicted on eleven counts relating to a conspiracy to distribute cocaine and heroin in the Fargo, North Dakota/Moorhead, Minnesota area. The conspiracy continued for nearly two years and involved numerous individuals, including eight others who were also indicted. Granados led the conspiracy, recruiting individuals to transport controlled substances from Chicago, to package the drugs for redistribution, and to sell them in the Fargo/Moorhead area.

A jury found Granados guilty on all counts, and the district court sentenced him to a term of 348 months followed by eight years of supervised release. On appeal, we held that the district court's failure to make specific findings resolving the controverted issue of drug quantity was reversible error. See Granados, 117 F.3d at 1093-94. We vacated Granados's sentence and remanded for resentencing. See id. at 1094.

The district court held an evidentiary hearing in October 1997 at which Granados was represented by counsel, had the opportunity to be heard, and was able to cross-examine the two government witnesses, both of whom had testified at trial. A forensic scientist testified how much cocaine and heroin in the shapes and sizes described at trial would weigh. A detective who worked on the Granados investigation testified about drug quantity statements made by two individuals who participated in the conspiracy. At the close of the hearing, the court granted a continuance to allow Granados to locate and interview witnesses.

Before the continuation of the hearing in January 1998, the court issued subpoenas to witnesses at Granados's request. None of the witnesses were able to be located, and none were present at the hearing. All but one had testified at Granados's

trial. The court issued a subpoena for the deposition testimony of the sole witness who had not previously testified and quashed the remaining subpoenas.

At a final proceeding in May 1998, the district court released and explained its quantity findings. The findings placed Granados in the same sentencing range on which his earlier sentence was based, but the court lowered his sentence to 336 months. Granados again appeals, arguing that the district court violated his due process rights and erred in calculating his sentence.

## I.

"No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Granados argues that due process requires that he be allowed to present witnesses at his sentencing hearing. He acknowledges that the confrontation clause of the Sixth Amendment does not apply at criminal sentencing proceedings, see United States v. Wise, 976 F.2d 393, 401 (8th Cir. 1992) (en banc), and his argument does not rest on any alleged right to confront the witnesses against him. Rather, Granados argues that the court did not give him an adequate opportunity to present information regarding the disputed quantity of drugs attributable to his conduct.

A defendant is entitled to less process during sentencing than during the guilt phase of the proceedings. See Wise, 976 F.2d at 397. The district court has discretion to determine the appropriate procedure to follow in conducting each sentencing hearing, including whether to allow testimony or to receive additional evidence. See id. at 404; U.S.S.G. § 6A1.3, comment. (1995).

This case is similar to United States v. Byrne, 83 F.3d 984 (8th Cir. 1996), in which the district court denied the defendant's request to subpoena witnesses to testify at his sentencing hearing regarding drug quantities. See Byrne, 83 F.3d at 992. The

defendant argued that his due process rights were violated because the drug quantity finding greatly enhanced his sentence. See id. We held that the court did not abuse its discretion by denying the request, noting that two of the three requested witnesses had already testified at trial. See id. Here, the district court did issue subpoenas to a number of Granados's coconspirators at his request, all but one of whom had already testified at trial. These witnesses were scattered throughout the country, either incarcerated or on supervised release, and none appeared at the evidentiary hearing. The court's effort was perhaps doomed to failure at its inception; it does, however, indicate to us that the district court did what it could to give Granados the process he requested.

Certainly, Granados's due process rights would be violated if his sentence were based on materially false information. See Townsend v. Burke, 334 U.S. 736, 741 (1948); United States v. Blade, 811 F.2d 461, 469 (8th Cir. 1987). Granados does not allege that witnesses testified falsely at trial, however, but that their testimony included unsubstantiated rough estimates of drug quantity. His argument implies that the witnesses would have provided different information at sentencing than they did at trial. There is no evidence that allows us to make this inference. In fact, Granados's attorney stated at the sentencing hearing that he had not been able to obtain any information that would shed light on the drug quantity issue. Without information regarding the expected testimony, it is impossible to tell whether the district court's findings would have differed. Cf. United States v. Campbell, 150 F.3d 964, 966-67 (8th Cir. 1998) (holding that a denial of a defendant's motion for production of incarcerated witnesses at his sentencing hearing was reasonable given his failure to timely respond to the court's orders requesting the addresses of the witnesses and the substance of the expected testimony).

Ultimately, our decision must rest on the extent to which the accuracy of the fact-finding would have increased had Granados presented witnesses. The district court need only be persuaded of the quantity of drugs relevant to sentencing by a

preponderance of the evidence. See United States v. Byler, 98 F.3d 391, 394 (8th Cir. 1996). The court had before it trial testimony, testimony from the sentencing hearing, and the deposition of the witness who had not previously testified. Although the court pointed out "that accuracy of description of quantities was not of primary importance during the guilt or innocence phase of the trial," a variety of witnesses did testify to specific drug quantities at trial. Keeping in mind that these witnesses were under oath, we cannot conclude that their testimony at the sentencing hearing would have resulted in an appreciable difference in the district court's findings, and thus in Granados's sentence. The proceedings in this case did not violate his right to due process.

## II.

We review the district court's determination of drug quantities attributable to Granados for clear error. See United States v. Sales, 25 F.3d 709, 711 (8th Cir. 1994). "Defendants who challenge the sentencing court's determination of drug quantity face an uphill battle on appeal because we will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." Id.

The district court limited its quantity findings to "bulk shipments": large quantities of drugs that different individuals brought into the Fargo/Moorhead area for distribution. It did this in order to avoid the possibility of double counting that could result from considering the combined testimony of those who transported the drugs, those who packaged and sold the drugs, and those who purchased and used the drugs. In its sentencing order, the court listed eight Chicago trips that resulted in drugs being brought back to the Fargo/Moorhead area, citing the trial transcript to support its finding of the quantity of drugs transported on each trip. After closely reviewing the trial transcript along with testimony given at the sentencing hearings, we are convinced that the district court did not clearly err in finding 4554 grams of cocaine and 280 grams of heroin attributable to Granados.

Granados argues that the record does not support the court's finding that Becky Gonzales transported a quarter kilogram of cocaine for him in the fall of 1994. Jose Garza testified that he, Gonzales, and Granados traveled to Chicago and that Gonzales brought cocaine back. However, he didn't see the cocaine and didn't know the quantity.

A sentencing court may estimate a quantity of unrecovered drugs based on known quantities from other similar transactions. See U.S.S.G. § 2D1.1, comment. (n. 12) (1995). The district court likely estimated the amount of cocaine Gonzales transported by looking at several other Chicago trips that involved similar amounts of cocaine. Granados urged this very conclusion in the brief he submitted to the district court before sentencing. We hold that this finding is not clearly erroneous.

Granados also argues that the 500 grams of cocaine and 226 grams of heroin brought to the Fargo/Moorhead area by Oscar Pena should not be included in calculating his sentence since Pena stated in a deposition that the drugs were his own and were not tied to the Granados conspiracy. Contradicting this statement is testimony from Willie Cortines and Keren Cossette that connects Granados with Pena at the time Pena brought the drugs from Chicago. Cossette also testified that Granados confronted her after she stole some cocaine from the Pena shipment. The district court did not clearly err by attributing this cocaine and heroin to Granados.

Finally, Granados argues that the evidence is insufficient to support a finding of 250 grams of cocaine from a winter 1994 trip. At trial, Eddie Morin testified that he, Granados, Gonzales, and two others drove to Chicago in a van to get cocaine. Sometime after the trip, Morin bagged part of a larger quantity of cocaine that weighed a quarter or a half kilogram. At the sentencing hearing, a detective who was involved in the Granados investigation testified regarding a statement Gonzales gave to the

police.[2]  He testified that she went to Chicago in December 1994 carrying $10,000. The money was used to purchase cocaine that was brought back to Fargo in a van.  The detective also testified that $10,000 could be used to purchase more than half a kilogram of cocaine in Chicago.

Morin's testimony along with Gonzales's statement provides sufficient evidence to find 250 grams of cocaine attributable to Granados for the winter 1994 trip.  The sentencing court can attribute a specific quantity of drugs to a defendant only if it "can conclude the defendant is more likely than not actually responsible for a quantity greater than or equal to the quantity for which the defendant is being held responsible." United States v. Walton, 908 F.2d 1289, 1302 (6th Cir. 1990) (emphasis omitted).  For this trip, the district court could have conceivably found Granados responsible for a quantity greater than 250 grams, based on the amount of cocaine $10,000 can buy and on Morin's testimony that he saw as much as a half kilogram of cocaine when he was bagging it.

Because the district court did not violate Granados's due process rights and because it did not clearly err in its calculation of drugs attributable to Granados, we affirm the 336-month sentence it imposed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Hearsay evidence may be considered by the sentencing court as long as it has sufficient indicia of reliability.  See United States v. Weekly, 118 F.3d 576, 582 (8th Cir. 1997); U.S.S.G. § 6A1.3(a).  In his brief, Granados does not challenge the reliability of Gonzales's statement.