# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3057 NEL

_____

UNITED STATES OF AMERICA,     *
    *
       Appellee,     *
    * Appeal from the United States
    v.     * District Court for the
    * District of Nebraska.
DAVID A. ZAVALA,     *       [UNPUBLISHED]
    *
       Appellant.     *

_____

Submitted: April 11, 2000
Filed: June 16, 2000

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

_____

[1]The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

David Zavala ("Zavala") appeals from the sentence imposed by the district court following his conviction on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1)(1994). We affirm.

In the summer of 1998, Zavala made sales of methamphetamine to an undercover investigator in Lincoln, Nebraska. As part of a continuing investigation, Zavala was placed under visual surveillance by the Lincoln/Lancaster County Narcotics Unit. On July 30, 1998, an undercover investigator negotiated with Zavala by telephone to purchase drugs. After the arrangements were made, officers observed Zavala's movements. Zavala left work and went to his apartment at 1111 E. Street in Lincoln. From there he proceeded to 205 E. Street, a residence rented by Zavala's co-defendant, Jose Nunez. Upon leaving 205 E. Street, Zavala met the undercover investigator at the designated location and transferred the methamphetamine.

On July 31, 1998, the same undercover investigator again made arrangements to purchase methamphetamine from Zavala. That evening, prior to the transaction, officers observed Zavala's vehicle leave his residence at 1111 E. Street and stop at 205 E. Street. At 205 E. Street, a Hispanic male exited the vehicle and entered the residence. Shortly thereafter, the same male exited 205 E. Street and drove Zavala's vehicle directly back to 1111 E. Street. Although the individual was not positively identified as Zavala, Zavala is a Hispanic male. Later on the same day, while still under police observation, Zavala left 1111 E. Street and drove directly to meet the undercover investigator for the drug sale. Zavala was immediately arrested, and 110.93 grams of methamphetamine were found on his person.

Following Zavala's arrest, search warrants were executed at 205 E. Street, 729 E. Street[2], and 1111 E. Street. No methamphetamine was found at 729 E. Street or 1111 E. Street. At 205 E. Street, however, the police found 454.53 grams

_____

[2]729 E. Street is a residence that was rented by Zavala and his girlfriend, Yvonne Arellano.

of methamphetamine in a glass jar in the basement, as well as a cable bill for the residence in Zavala's name.

On January 28, 1999, Zavala pleaded guilty to one count of possession with intent to distribute methamphetamine on or about July 31, 1998. The government and Zavala agreed that the minimum amount of methamphetamine reasonably foreseeable to Zavala was 110.93 grams, the amount found on Zavala's person at the time of his arrest. The Presentence Report ("PSR"), however, recommended that the district court include the 454.53 grams of methamphetamine found at 205 E. Street in the drug quantity considered for sentencing purposes. Based on the inclusion of the additional 454 grams of methamphetamine, the PSR recommended a base offense level of 32. See U.S.S.G. § 2D1.1(a)(3)(c)(4)(1998).

At sentencing, Zavala objected to the inclusion of the methamphetamine found at 205 E. Street in his drug quantity, arguing that there was not sufficient evidence of his knowledge, or constructive or actual possession, of the 454 grams. The district court ruled to the contrary, however, based on the undisputed facts and reasonable inferences therefrom, and sentenced Zavala to 108 months imprisonment and five years of supervised release. On appeal Zavala contends that the district court erred in including the methamphetamine found at 205 E. Street in the drug quantity for sentencing purposes because the inclusion is not supported by a preponderance of the evidence.

Section 1B1.3 of the Sentencing Guidelines provides that "relevant conduct" outside of the charged offense may be attributed to the defendant for sentencing purposes if it was "reasonably foreseeable." See U.S.S.G. § 1B1.3(a). Accordingly, before a quantity of drugs may be attributed to a defendant the sentencing court must "find by a preponderance of evidence that the transaction or activity involving those drugs was in furtherance of the conspiracy and either known to that defendant or reasonably foreseeable to him." See United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998) (citing United States v. Rice, 49 F.3d 378, 382 (8th Cir. 1995)). The "conspiracy" need not be a charged offense. See U.S.S.G. § 1B1.3(a)(1)(B).

"A sentencing court's determination of the quantity of drugs is a finding of fact and is reviewed for clear error." United States v. Campell, 150 F.3d 964, 966 (8th Cir. 1998). We find no error in the district court's drug quantity determination. The facts are sufficient to establish, by a preponderance of the evidence, that Zavala had knowledge of the drug quantity at 205 E. Street and that that drug quantity was connected to a continuing drug enterprise involving Zavala and others. The district court was persuaded by the following evidence: (1) surveillance indicated that Zavala stopped at 205 E. Street immediately before a drug transaction and that his vehicle stopped at 205 E. Street before another drug transaction; (2) of all the residences that Zavala entered during surveillance, methamphetamine was found only at 205 E. Street; (3) a cable bill linked Zavala to 205 E. Street; and (4) 205 E. Street bore the indicia of a drug "stash house." The district court did not make a precise finding concerning Nunez's relationship to Zavala and the drugs. The district court, however, did find that Zavala shared 205 E. Street as a stash house with others including, most probably, Nunez. In opposition, Zavala admitted that although he had access to 205 E. Street and that he did stop there on occasion, many others had access to the residence and that someone else was actually living there. Even assuming Zavala's claim to be true, we find that a preponderance of the evidence supports the district court's decision regarding Zavala's relevant drug quantity. Accordingly, we find that the district court did not commit clear error.

A true copy.

   ATTEST:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

– 4–