# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3413

_____

United States of America,     *
            *
       Appellee,     *
            *    Appeal from the United States
    v.              *    District Court for the
            *    Western District of Missouri.
Michael Bentley Russell,     *      [UNPUBLISHED]
            *
       Appellant.     *

_____

Submitted: July 25, 2001

Filed: August 1, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Michael Bentley Russell pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). At sentencing, the district court[1] overruled Russell's objection to the assignment of 3 criminal history points for a 1991 Kansas burglary sentence of 2-5 years imprisonment. In addition, the district court permitted a psychologist who had examined Russell to testify on matters that would help the court

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

recommend an appropriate facility for treatment, but did not allow testimony as to why Russell committed his crime. The court then sentenced Russell to 78 months' imprisonment and 3 years' supervised release. On appeal, Russell challenges the criminal-history calculation and the exclusion of evidence pertaining to his state of mind at the time he committed his crime.

Having carefully reviewed the record, we conclude that the district court did not err in assigning 3 points for the prior burglary sentence, see U.S.S.G. § 4A1.1(a) (add 3 points for prior sentence of imprisonment exceeding 1 year and 1 month): the Kansas court--upon revoking Russell's probation--ordered execution of the originally suspended sentence of 2-5 years, and Russell in fact served some jail time on that sentence, see U.S.S.G. § 4A1.2, comment. (n.2) (criminal history points are based on sentence pronounced, not length of time actually served; prior sentence is considered sentence of imprisonment if defendant actually served a period of imprisonment on such sentence). We further conclude that the district court did not abuse its discretion in excluding the state-of-mind evidence, especially in light of Russell's insistence that he did not seek to present the evidence in support of a diminished-capacity departure. See United States v. Granados, 202 F.3d 1025, 1027-28 (8th Cir. 2000) (district court has discretion to determine whether to allow testimony or receive additional evidence at sentencing).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.