# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2479

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    District of Nebraska. |
| Michael S. Shirley, | *    [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted:   December 12, 2001

Filed:   January 14, 2002

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BATTEY,[1] District
Judge.

_____

PER CURIAM.

Michael S. Shirley appeals from the district court's[2] refusal to hold an
evidentiary hearing on his motion for downward departure.  We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

On March 1, 2001, Shirley pleaded guilty to conspiracy to distribute methamphetamine and to criminal forfeiture. On May 11, 2001, Shirley filed a motion for downward departure on the basis of his physical condition, U.S.S.G. § 5H1.4 (2001), and on the basis of an over-representation of the seriousness of his criminal history as reflected in the criminal history category, U.S.S.G. § 4A1.3 (2001). The motion included a request for an evidentiary hearing and was accompanied by a brief in support of the motion. On May 14, 2001, the district court issued an order denying the motion for an evidentiary hearing and for downward departure. On May 31, 2001, the district court sentenced Shirley to 188 months of imprisonment and four years of supervised release.

Conceding that the district court was aware of its authority to depart downward and that its decision not to do so is thus unreviewable, Shirley contends that the district court abused its discretion by refusing to hold an evidentiary hearing on the motion for downward departure.

The United States Sentencing Guidelines require that the district court afford the parties "adequate opportunity to present information to the court regarding" disputed sentencing factors. U.S.S.G. § 6A1.3(a) (2001). The court must resolve the disputed factors in accordance with Federal Rule of Criminal Procedure 32(c)(1). U.S.S.G. § 6A1.3(b) (2001). Rule 32(c)(1) requires that the district court "afford counsel . . . the opportunity to comment on the probation officer's determinations . . . and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections." See also, United States v. Granados, 202 F.3d 1025, 1027-28 (8th Cir. 2000); United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc).

Shirley's brief in support of the motion for downward departure contained pertinent facts and argument that informed the district court of the bases for the

motion.  Thus, the district court did not abuse its discretion in denying the request for an evidentiary hearing.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.