48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Winston G. MORRISON Appellant.
 No. 94-3247.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 8, 1995.
Filed: Mar. 15, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Winston G. Morrison appeals the 292-month sentence reimposed by the district court[1] after remand. We affirm.
 
 
 2
 Morrison was convicted of conspiring to distribute and to possess with intent to distribute cocaine, and was sentenced to 292 months. On appeal, we found the evidence sufficient to support Morrison's conviction, but vacated his sentence and remanded for further proceedings. United States v. Fetlow, 21 F.3d 243, 245 (8th Cir.), cert. denied, 115 S. Ct. 456 (1994).
 
 
 3
 At the resentencing hearing, the district court made factual findings based on its review of the record, and rejected Morrison's arguments regarding drug quantity, a leadership-role enhancement, and a dangerous-weapon enhancement. The court also rejected his assertions that he had been denied his rights under the Due Process Clause and the Confrontation Clause and his right to a fair and impartial sentencing hearing. The court resentenced Morrison to 292 months imprisonment and five years supervised release.
 
 
 4
 On appeal, Morrison's counsel argues that the district court's use of co-defendants' out-of-court statements denied Morrison his due process, confrontation, and cross-examination rights. Morrison filed a pro se supplemental brief, challenging the drug-quantity calculation, the role enhancement, and the weapon enhancement.
 
 
 5
 The law in this circuit is well-settled that the Confrontation Clause is not applicable in the sentencing phase. United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994); United States v. Wise, 976 F.2d 393, 400-01 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993). The district court may consider relevant hearsay testimony provided it has sufficient indicia of reliability to support its probable accuracy, see United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993), and a sentencing judge who also presided over a defendant's trial or even a co-defendant's trial may consider evidence from those trials at the sentencing stage. Fetlow, 21 F.3d at 250. Federal Rule of Criminal Procedure 32(c)(3)(D), which requires district courts to make findings as to disputed allegations of the presentence report relevant to sentencing, may be satisfied by "findings based on evidence presented at the trial phase even though no additional exhibits or testimony are introduced at the sentencing phase." Fetlow, 21 F.3d at 250.
 
 
 6
 Here, the district court satisfied the mandate of Rule 32(c)(3)(D) by reviewing the entire record and making specific factual findings. Those findings as to the drug quantity and sentencing enhancements are reviewed only for clear error, and the underlying witness-credibility assessments are virtually unreviewable. See United States v. Karam, 3 F.3d 1280, 1286 (8th Cir. 1994), cert. denied, 63 U.S.L.W. 3574 (U.S. Feb. 21, 1995) (drug quantity); United States v. Hayes, 15 F.3d 125, 127 (8th Cir.) (dangerous-weapon enhancement), cert. denied, 114 S. Ct. 2718 (1994); United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992) (role enhancement). We find no clear error.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri