No. 96-2968

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Missouri.
Timothy M. Curtin,                  *
                                    *          [UNPUBLISHED]
          Appellant.                *

_____

Submitted:  November 27, 1996

Filed:  December 6, 1996

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Timothy M. Curtin appeals the 78-month sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and knowingly possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871.  He argues the court should have given him a three-level acceptance-of-responsibility reduction under U.S. Sentencing Guidelines Manual § 3E1.1; and, relying on United States v. Lopez, 115 S. Ct. 1624 (1995), he challenges the constitutionality of his section 922(g) conviction.

We cannot say the district court clearly erred in denying Curtin an acceptance-of-responsibility reduction.  See United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (standard of

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

review).  The mere fact that he pleaded guilty did not entitle Curtin to the reduction, and the court could consider unrelated criminal conduct--a post-plea arrest for drug possession--in determining the appropriateness of the reduction.  See United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996).  Although Curtin asserted that the drug charge was dropped, he did not deny he illegally possessed drugs while on bond awaiting sentencing.  The district court properly considered the police report, and Curtin failed to show he had voluntarily withdrawn from criminal conduct or associations. See United States v. Fetlow, 21 F.3d 243, 248 (8th Cir.) (sentencing court may consider any relevant information, provided that information has sufficient indicia of reliability to support its probable accuracy), cert. denied, 115 S. Ct. 456 (1994); United States v. Morales, 923 F.2d 621, 628 (8th Cir. 1991) (defendant bears burden for establishing acceptance of responsibility).

Curtin's Lopez challenge to 18 U.S.C. § 922(g) is foreclosed by our opinion in United States v. Bates, 77 F.3d 1101, 1103-04 (8th Cir.) (§ 922(g) is constitutional and not violative of Commerce Clause), cert. denied, 117 S. Ct. 215 (1996).

Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-