**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RODNEY WAYNE ROBINSON, a/k/a
Dog,
          *Defendant-Appellant.*

No. 03-4420

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-95-49-BR)

Argued: February 27, 2004

Decided: June 10, 2004

Before LUTTIG and MICHAEL, Circuit Judges,
and William D. QUARLES, Jr., United States District Judge for the
District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion. Judge Michael wrote a
dissenting opinion.

## COUNSEL

**ARGUED:** Edwin Chrisco Walker, Assistant Federal Public
Defender, Raleigh, North Carolina, for Appellant. Clay Campbell
Wheeler, Office of the United States Attorney, Raleigh, North Caro-
lina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Pub-

lic Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United State Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

### I.

In 1996, Rodney Robinson pled guilty to conspiracy to possess a controlled substance with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Robinson was sentenced to 86 months imprisonment and 60 months of supervised release.

Robinson completed his prison term and began his supervised release on September 25, 2001. In November 2001, the district court modified and continued Robinson's supervised release in response to a motion for revocation.

On March 20, 2003, Robinson's probation officer filed a motion for revocation of the supervised release. The motion alleged that Robinson had violated the terms of his release by: (1) criminal conduct evidenced by his being charged in a North Carolina court with possession with intent to sell and deliver marijuana, resisting arrest, and assault on a police officer; (2) possessing 6.4 grams of marijuana; and (3) failing to notify his probation officer of his arrest for marijuana possession. All of the violations arose out of the same incident.

The Supervised Release Violation Worksheet prepared by the probation officer indicated that Robinson had, *inter alia*, committed the violation of "[p]ossessing a controlled substance," a Grade A offense,

and that Robinson's criminal history category was VI. J.A. 23. The worksheet indicated an imprisonment range of 33 to 36 months.

On May 7, 2003, a revocation hearing was held. Robinson admitted that he had possessed marijuana and resisted arrest, but denied that he had possessed the marijuana with the intent to distribute it.

Robinson presented mitigation evidence and asked that he be sentenced at the bottom of the guideline range for a Grade C violation.

The government contended that Robinson had actually been charged with possession with the intent to sell marijuana but pled down to simple possession, and noted that the arresting police officer was present. The government noted that in addition to 6.4 grams of marijuana, the officer had found scales in Robinson's car at the time of his arrest. The court asked the government, "[s]cales were found in the car?" J.A. 28. The government replied, "[t]hat is correct." *Id.*

Defense counsel told the court that 6.4 grams of marijuana would subject Robinson to a maximum of twenty days imprisonment in state court.

The court ruled that Robinson had "violated the terms and conditions of his judgment by engaging in criminal conduct, possessing a controlled substance, and failing to notify his probation officer within 72 hours of being arrested or questioned by law enforcement." J.A. 28. Robinson's supervised release was revoked and he was committed to the custody of the Bureau of Prisons for a period of thirty-three months.

## II.

Appellate review of a sentence imposed under the Sentencing Guidelines is limited to a determination of whether it is "either 'in violation of law . . . or as a result of an incorrect application of the sentencing guidelines.'" *United States v. Sheffer*, 896 F.2d 842, 844 (4th Cir. 1990) (*quoting* 18 U.S.C. § 3742(e)). The district court's findings during sentencing should be based on a preponderance of the evidence. *Id.* (*citing United States v. Urrego-Linares*, 879 F.2d 1234,

1239 (4th Cir. 1989); *United States v. Vinson*, 886 F.2d 740, 741 (4th Cir. 1989)). The appellate court should "'give due regard to the opportunity of the district court to judge the credibility of witnesses, and [must] accept the findings of fact of the district court unless they are clearly erroneous.'" *Id.* (*quoting* 18 U.S.C. § 3742(d)) (alteration in original).

The use of the Grade A violation guidelines was supported by evidence that Robinson had pled guilty to possession of drug paraphernalia and the government's proffer that scales had been found in Robinson's car at the time of his arrest. Robinson did not object or assert that the proffer was untrue, and did not seek to examine the arresting officer. *Id.* Under these circumstances the sentencing court was under no constitutional duty to require the government to present witnesses to support its proffer. *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir. 1989). The sentence imposed by the district court was supported by a preponderance of the evidence and is

*AFFIRMED*.

MICHAEL, Circuit Judge, dissenting:

Because I believe the district court erred in treating as evidence statements made by government counsel at Rodney Robinson's probation revocation hearing, and because the other information provided the court was insufficient to support his 33-month sentence, I respectfully dissent.

On March 20, 2003, the U.S. Probation Office filed a motion to revoke Robinson's probation. The motion referred to state court documents indicating that Robinson had been arrested in North Carolina on February 12, 2003, after being pulled over for an insurance violation. At the time, Robinson "was questioned and searched and a small amount of marijuana was found." J.A. 21. Robinson later pled guilty in state court to possession of drug paraphernalia. On May 7, 2003, the U.S. District Court held a probation revocation hearing, and the following exchange took place:

> ROBINSON'S COUNSEL:   Your honor, I'd ask that you sentence him to the bottom end of the guidelines, which I

believe is four to — I didn't write it down, your honor it's —

THE COURT:   33 months isn't it?

ROBINSON'S COUNSEL:   No, your honor. Our position is that this is a grade C violation, not an A violation because it's simple possession of marijuana. . . .

GOVERNMENT COUNSEL:   Your honor, with regards to the grade violation. When the defendant was arrested with 6.4 grams of marijuana, he was actually charged with possession with intent to sell and distribute that marijuana. It was pled down to a lower simple possession offense in state court. We have the officer here to testify, if the court would so choose. But it's our position that based on the fact that it was 6.4 grams of marijuana and also the fact that scales were found in the car at the time of the arrest that —

THE COURT:   Scales were found in the car?

GOVERNMENT COUNSEL:   That is correct. And that it's consistent with the sale and distribution as opposed to merely possessing marijuana. Based on that, we would contend the violation grades are correct in the report and we would recommend a 33 month sentence. . . .

THE COURT:   . . . It is ordered [that Robinson's] supervised release shall be revoked and the defendant is committed to the custody of the Bureau of Prisons for a period of 33 months.

J.A. 26-29.

According to Robinson's sentencing worksheet, his 33-month sentence was predicated on the commission of a Grade A probation violation. In the transcript excerpts above, Robinson's counsel argued that Robinson's conduct only involved simple possession of marijuana, which is a Grade C violation. *See* 21 U.S.C. § 844; U.S.S.G.

§ 7B1.1(a)(3). Robinson's drug offense could only constitute a Grade A probation violation if it was a "controlled substance offense." U.S.S.G. § 7B1.1(a)(1). *See also United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir. 2001). A "controlled substance offense" is defined as an offense involving the "manufacture, import, export, distribution or dispensing of a controlled substance," or possession with intent to do any of these acts. *See* U.S.S.G. §§ 7B1.1 cmt. n.3, 4B1.2(b). Thus, "[s]imple possession and use of a drug, without intent to distribute, is not a 'controlled substance offense,'" and, accordingly, not a Grade A violation. *Trotter*, 270 F.3d at 1151. By sentencing Robinson to 33 months, the district court had to conclude that Robinson's recent state offense involved distribution of drugs rather than mere possession. The problem is this: the only indication that distribution was involved was government counsel's *statement* that scales were found in Robinson's car.

As the majority points out, the district court's findings at sentencing must be supported by a preponderance of the evidence. *Ante* at 3. Robinson's 33-month sentence is valid only if a preponderance of the evidence establishes that there were scales in his car. The majority believes this fact is established by two pieces of information: first, Robinson's guilty plea to possession of drug paraphernalia in state court; and second, the government's oral "proffer" that scales were found in his car. None of the documents before the district court describe what type of paraphernalia Robinson possessed, nor do they say that scales were in his car. The North Carolina statute governing Robinson's conviction provides that drug paraphernalia "includ[es], but [is] not limited to . . . (5) Scales and balances for weighing or measuring controlled substances . . . (12) Objects for ingesting, inhaling, or otherwise introducing marijuana . . . into the body, such as . . . (e) Objects, commonly called roach clips, for holding burning material, such as a marijuana cigarette, that has become too small or too short to be held in the hand." N.C. Gen. Stat. Ann. § 90-113.21. This shows that the North Carolina statute outlawing the possession of drug paraphernalia is not limited to possession of scales or other items associated with *distribution* of drugs. Therefore, the district court could not find, based on Robinson's guilty plea alone, that he was in possession of scales or any other item that would establish his involvement in the distribution of drugs.

The district court, however, relied on the statements of government counsel at the revocation hearing as evidence that Robinson's paraphernalia consisted of scales. Specifically, government counsel said, "We have the officer here to testify, if the court would so choose." J.A. 27. Government counsel then said that "based on . . . the fact that scales were found in the car," a 33-month sentence was appropriate. *Id.* If government counsel was attempting to make a formal proffer, it was inadequate. Government counsel did not say who the officer in the courtroom was, what exactly he would testify to, or whether he had any firsthand knowledge of Robinson's arrest. There was not even a statement that the officer had made the arrest or that he was the one who had found scales in Robinson's car. At bottom, what the district court had was a simple statement by government counsel that scales were found in the car.

The Sentencing Guidelines say that "in resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Statements of counsel not supported by record evidence do not provide "relevant information" for resolving factual disputes at sentencing. *United States v. Harris*, 230 F.3d 1054, 1057 (7th Cir. 2000) (overturning sentence enhancement where "the only suggestion in th[e] record that [defendant] exercised such possession c[ame] entirely from the mouth of the government's attorney. Statements of counsel are not evidence."); *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994) ("sentencing court may consider any relevant information . . . [but] statements of counsel are not evidence"). However, a district court may consider a proper (unchallenged) proffer as relevant information in making a sentencing decision. *See, e.g.*, *United States v. Sienkowski*, 359 F.3d 463, 467 (7th Cir. 2004) (recognizing an appropriate proffer at sentencing hearing). In this case government counsel did not make an acceptable proffer. His statements therefore lacked "sufficient indicia of reliability" to be considered as a factual basis for the sentence. U.S.S.G. § 6A1.3(a).

I realize that we should not expect undue formality at sentencing. Still, if the government opts to proceed by proffer, the basic elements of a proffer, such as the witness's identification and the specifics of his potential testimony, must be provided. Because the statements of

government counsel cannot be considered here, the only relevant fact established is Robinson's guilty plea to a single count of possession of drug paraphernalia. That, standing alone, does not prove a Class A violation. Accordingly, I would vacate the sentence and remand for resentencing.