MICHAEL, Circuit Judge,
dissenting:
Because I believe the district court erred in treating as evidence statements made by government counsel at Rodney Robinson’s probation revocation hearing, and because the other information provided the court was insufficient to support his 33-month sentence, I respectfully dissent.
On March 20, 2003, the U.S. Probation Office filed a motion to revoke Robinson’s probation. The motion referred to state court documents indicating that Robinson had been arrested in North Carolina on February 12, 2003, after being pulled over for an insurance violation. At the time, Robinson “was questioned and searched *392 and a small amount of marijuana was found.” J.A. 21. Robinson later pled guilty in state court to possession of drug paraphernalia. On May 7, 2003, the U.S. District Court held a probation revocation hearing, and the following exchange took place:
ROBINSON’S COUNSEL: Your honor, I’d ask that you sentence him to the bottom end of the guidelines, which I believe is four to — -I didn’t write it down, your honor it’s—
THE COURT: 33 months isn’t it? ROBINSON’S COUNSEL: No, your honor. Our position is that this is a grade C violation, not an A violation because it’s simple possession of marijuana. ...
GOVERNMENT COUNSEL: Your
honor, with regards to the grade violation. When the defendant was arrested with 6.4 grams of marijuana, he was actually charged with possession with intent to sell and distribute that marijuana. It was pled down to a lower simple possession offense in state court. We have the officer here to testify, if the court would so choose. But it’s our position that based on the fact that it was 6.4 grams of marijuana and also the fact that scales were found in the car at the time of the arrest that—
THE COURT: Scales were found in the car?
GOVERNMENT COUNSEL: That is correct. And that it’s consistent with the sale and distribution as opposed to merely possessing marijuana. Based on that, we would contend the violation grades are correct in the report and we would recommend a 33 month sentence ....
THE COURT: ... It is ordered [that Robinson’s] supervised release shall be revoked and the defendant is committed
to the custody of the Bureau of Prisons for a period of 33 months.
J.A. 26-29.
According to Robinson’s sentencing worksheet, his 33-month sentence was predicated on the commission of a Grade A probation violation. In the transcript excerpts above, Robinson’s counsel argued that Robinson’s conduct only involved simple possession of marijuana, which is a Grade C violation. See 21 U.S.C. § 844; U.S.S.G. § 7Bl.l(a)(3). Robinson’s drug offense could only constitute a Grade A probation violation if it was a “controlled substance offense.” U.S.S.G. § 7B1.1(a)(1). See also United, States v. Trotter, 270 F.3d 1150, 1151 (7th Cir.2001). A “controlled substance offense” is defined as an offense involving the “manufacture, import, export, distribution or dispensing of a controlled substance,” or possession with intent to do any of these acts. See U.S.S.G. §§ 7B1.1 cmt. n. 3, 4B1.2(b). Thus, “[s]imple possession and use of a drug, without intent to distribute, is not a ‘controlled substance offense,’ ” and, accordingly, not a Grade A violation. Trotter, 270 F.3d at 1151. By sentencing Robinson to 33 months, the district court had to conclude that Robinson’s recent state offense involved distribution of drugs rather than mere possession. The problem is this: the only indication that distribution was involved was government counsel’s statement that scales were found in Robinson’s car.
As the majority points out, the district court’s findings at sentencing must be supported by a preponderance of the evidence. Ante at 391. Robinson’s 33-month sentence is valid only if a preponderance of the evidence establishes that there were scales in his car. The majority believes this fact is established by two pieces of information: first, Robinson’s guilty plea to possession of drug paraphernalia in *393 state court; and second, the government’s oral “proffer” that scales were found in his car. None of the documents before the district court describe what type of paraphernalia Robinson possessed, nor do they say that scales were in his car. The North Carolina statute governing Robinson’s conviction provides that drug paraphernalia “includ[es], but [is] not limited to ... (5) Scales and balances for weighing or measuring controlled substances ... (12) Objects for ingesting, inhaling, or otherwise introducing marijuana ... into the body, such as ... (e) Objects, commonly called roach clips, for holding burning material, such as a marijuana cigarette, that has become too small or too short to be held in the hand.” N.C. Gen.Stat. Ann. § 90-113.21. This shows that the North Carolina statute outlawing the possession of drug paraphernalia is not limited to possession of scales or other items associated with distribution of drugs. Therefore, the district court could not find, based on Robinson’s guilty plea alone, that he was in possession of scales or any other item that would establish his involvement in the distribution of drugs.
The district court, however, relied on the statements of government counsel at the revocation hearing as evidence that Robinson’s paraphernalia consisted of scales. Specifically, government counsel said, “We have the officer here to testify, if the court would so choose.” J.A. 27. Government counsel then said that “based on ... the fact that scales were found in the car,” a 33-month sentence was appropriate. Id. If government counsel was attempting to make a formal proffer, it was inadequate. Government counsel did not say who the officer in the courtroom was, what exactly he would testify to, or whether he had any firsthand knowledge of Robinson’s arrest. There was not even a statement that the officer had made the arrest or that he was the one who had found scales in Robinson’s car. At bottom, what the district court had was a simple statement by government counsel that scales were found in the car.
The Sentencing Guidelines say that “in resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information ... provided that the information has sufficient indicia of reliability to support its probable accuracy.” U.S.S.G. § 6A1.3(a). Statements of counsel not supported by record evidence do not provide “relevant information” for resolving factual disputes at sentencing. United States v. Harris, 230 F.3d 1054, 1057 (7th Cir.2000) (overturning sentence enhancement where “the only suggestion in th[e] record that [defendant] exercised such possession c[ame] entirely from the mouth of the government’s attorney. Statements of counsel are not evidence.”); United States v. Fetlow, 21 F.3d 243, 248 (8th Cir.1994) (“sentencing court may consider any relevant information ... [but] statements of counsel are not evidence”). However, a district court may consider a proper (unchallenged) proffer as relevant information in making a sentencing decision. See, e.g., United States v. Sienkowski 359 F.3d 463, 467 (7th Cir.2004) (recognizing an appropriate proffer at sentencing hearing). In this case government counsel did not make an acceptable proffer. His statements therefore lacked “sufficient indicia of reliability” to be considered as a factual basis for the sentence. U.S.S.G. § 6A1.3(a).
I realize that we should not expect undue formality at sentencing. Still, if the government opts to proceed by proffer, the basic elements of a proffer, such as the witness’s identification and the specifics of his potential testimony, must be provided. Because the statements of government counsel cannot be considered here, the only relevant fact established is Robinson’s *394 guilty plea to a single count of possession of drug paraphernalia. That, standing alone, does not prove a Class A violation. Accordingly, I would vacate the sentence and remand for resentencing.