# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3509

_____

United States of America

*Appellee*

v.

Teodolo Garcia, also known as Carlos Dominguez, also known as Theodolo
Garcia, also known as Armando Galindo Sandoval

*Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: April 8, 2013
Filed: April 16, 2013
[Unpublished]

_____

BYE, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Teodolo Garcia appeals his sentence of 220 months' imprisonment, which the district court[1] imposed after he pleaded guilty to conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. We affirm.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Mr. Garcia concedes that his sentence is within the appropriate guideline range. But he asserts that the district court, in determining where to sentence him within that range, used testimony that it had already rejected as unreliable hearsay when it refused to enhance Mr. Garcia's sentence for obstructing justice by making threats against a confidential informant. *See* U.S.S.G. § 3C1.1. He maintains that this alleged inconsistency was an abuse of discretion that requires us to reverse his sentence.

Mr. Garcia's argument is without merit. Our careful reading of the record does not unequivocally show that the district court, in fixing the sentence, used testimony that it had earlier rejected as unreliable. The district court, it is true, said that it could use that testimony when it turned to "other issues" relevant to sentencing, but it never specifically adverted to it again. The court did say that its experience in sentencing other people involved in Mr. Garcia's conspiracy and related ones led it to believe that Mr. Garcia was involved in making threats, and that finding formed part of the court's basis for choosing the sentence it imposed. But it did not refer to the rejected evidence that indicated Mr. Garcia was involved in a particular threat. It is, of course, familiar law that in fixing a sentence a court may rely on relevant information that other trials or sentencing proceedings it presided over had produced, *see United States v. Makes Room*, 49 F.3d 410, 416 (8th Cir. 1995); *United States v. Fetlow*, 21 F.3d 243, 250 (8th Cir. 1994), *cert. denied*, 513 U.S. 977 (1994), and it appears that is what the court did here.

Even if we discerned some inconsistency in how the district court treated evidence here, which we do not, we see no reasonable probability that the error had a measurable effect on the sentence arrived at. The court relied mainly on the large amount of drugs involved, the immense profits the relevant transactions produced, and Mr. Garcia's leadership role in the offense, when it passed sentence. It mentioned "the threats [that] permeated this conspiracy" as the last in a list of the matters it considered. It appears to us that the threats provided only a makeweight in the court's

mind in deciding on the proper sentence, and so any error that it committed in considering them would have been harmless. *See United States v. Beatty*, 9 F.3d 686, 690-91 (8th Cir. 1993).

Affirmed.

_____