# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2015

———————————————

United States of America

*Plaintiff - Appellee*

v.

Angela Ordonez

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Central Division

————————

Submitted: April 19, 2019
Filed: August 5, 2019
[Unpublished]

————————

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Angela Ordonez pled guilty to one count of conspiracy to distribute a mixture and substance containing methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The calculated United States Sentencing Guidelines Manual ("Guidelines")

range was 140 to 175 months. The district court[1] sentenced Ordonez to 140 months of imprisonment. On appeal, Ordonez argues the sentence was substantively unreasonable. We disagree and affirm.

The substantive reasonableness of an imposed sentence is reviewed under an abuse of discretion standard. *United States v. Hairy Chin*, 850 F.3d 398, 403 (8th Cir. 2017). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). When sentences are reviewed under this standard, they are presumed to be reasonable if they are within the Guidelines range. *United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018). And simply weighing the factors differently than the defendant would have preferred does not amount to an abuse of discretion. *See United States v. San Miguel*, 634 F.3d 471, 476 (8th Cir. 2011) (noting the "wide latitude" district courts have to assign weight to the 18 U.S.C. § 3553(a) factors).

In arriving at the 140-month sentence, the district court relied primarily on four factors: the nature and circumstances of the offense, the need for deterrence, the need to protect the public from further crimes, and Ordonez's criminal history. The district court concluded that due to Ordonez's offense — playing a significant role in a conspiracy to distribute large amounts of methamphetamine — "the court must necessarily give a lot of weight to the seriousness of the offense and to the nature of [Ordonez's] involvement." The district court found deterrence was a significant factor because sentence durations are communicated to others participating in the same types of illegal activity. The district court also considered the need to protect

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

the public due to Ordonez's criminal history, which included possession of drugs and drug paraphernalia and domestic abuse causing bodily injury where it was determined Ordonez was the primary aggressor.

Ordonez argues the sentence is substantively unreasonable because the district court did not give significant weight to the roles Ordonez's severe drug addiction and status as a victim of abuse had played in her criminal activities, or her post-indictment rehabilitation which included abstaining from drugs for the last two years. Our review of the record shows the district court did not fail to consider these factors, nor did it improperly weigh them. In fact, the district court rejected the government's recommendation of a 157-month sentence on those very grounds. Although the district court did not weigh the factors as Ordonez would have preferred, the court did not abuse its discretion.

For the above reasons, we affirm.

_____