# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3803
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Joseph Sarchett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: May 3, 2022
Filed: May 6, 2022
[Unpublished]
_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Andrew Sarchett appeals the sentence imposed by the district court[1] following this court's remand for resentencing on his conviction for a drug offense. On appeal, Mr. Sarchett argues that the district court erred in determining the relevant conduct, imposed a substantively unreasonable sentence, and erred in ordering restitution.

Upon careful review, we conclude the district court did not clearly err in finding that Mr. Sarchett was responsible for materials found in his girlfriend's vehicle and residence. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo; factual findings are reviewed for clear error); United States v. Fetlow, 21 F.3d 243, 248 (8th Cir. 1994) (sentencing court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a), and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

Finally, we conclude that the district court did not err in reimposing restitution, as it found that Mr. Sarchett was responsible for the methamphetamine lab in the residence, the owner of which incurred the cleanup costs. See United States v.

---

[1]The Honorable C. J. Williams, United States District Judge for the Northern District of Iowa.

Carpenter, 841 F.3d 1057, 1060 (8th Cir. 2016) (district court's decision to award restitution is reviewed for abuse of discretion, but any fact findings as to amount are reviewed for clear error; government bears burden of proving restitution amount based on preponderance of evidence).

Accordingly, we affirm.

_____