United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1634
_____

United States of America

*Plaintiff - Appellee*

v.

Darshan Featherman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western Division
_____

Submitted: March 11, 2019
Filed: June 21, 2019
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Darshan Featherman ("Darshan") pled guilty to one count of felony child abuse
and neglect in violation of 18 U.S.C. § 1153 and S.D. Codified Laws (SDCL) § 26-10-

1. The district court[1] sentenced Darshan to 120 months of imprisonment. On appeal, Darshan argues the sentence was substantively unreasonable. We disagree and affirm.

## I. Background

I.W.C. and J.W.C., two and three years old, respectively, each weighed approximately thirteen pounds when they were discovered by Oglala Sioux Tribe Department of Public Safety ("OST DPS") law enforcement officers. While responding to an unrelated call at the residence of Roberta Featherman ("Roberta"), OST DPS found the two siblings in a severely emaciated state. I.W.C. was extremely weak and could hold her head up only for a few moments. J.W.C. had a bed sore that was necrotic and all the tissue had worn away, exposing the bone. The doctor who treated the children described their condition as the worst case of starvation he had seen, likening it to the condition of concentration camp prisoners during World War II, and suggested they were just days from death.

The children's mother had given custody of I.W.C. to her sister, Darshan, and custody of J.W.C. to her mother, Roberta. Darshan was unable to care for I.W.C. due to substance abuse problems, and therefore she often left I.W.C. in Roberta's care. Roberta and Darshan withheld food from I.W.C. and J.W.C. for roughly three months.

Seven co-defendants, including Darshan, were charged and indicted with two counts of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153 and two counts of felony child abuse and neglect in violation of 18 U.S.C. § 1153 and SDCL § 26-10-1. Pursuant to a plea agreement, Darshan pled guilty to one count of felony child abuse and neglect and the other counts were dismissed. As part of the factual basis for her guilty plea, Darshan stated that while

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

I.W.C. was in her custody, she "withheld necessary nourishment from I.W.C. nearly resulting in her starving to death."

The district court observed the United States Sentencing Commission Guidelines ("Guidelines" or "U.S.S.G.") have no expressly promulgated guideline for felony child abuse and neglect. Because the district court also found no sufficiently analogous guideline, it relied on the 18 U.S.C. § 3553(a) factors as instructed by U.S.S.G. § 2X5.1 when determining Darshan's sentence. The court found instructive the nature and extent of the harm to I.W.C. and the need for a just punishment for the crime. The district court imposed a sentence of 10 years of imprisonment, five years less than the statutory maximum. Darshan appeals her sentence.

## II. Discussion

Darshan argues her sentence is substantively unreasonable. "When reviewing a sentence for its substantive reasonableness, we apply an abuse-of-discretion standard." *United States v. Hairy Chin*, 850 F.3d 398, 403 (8th Cir. 2017). This standard is "narrow and deferential." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id*. at 461.

We find no abuse of discretion here. The district court reviewed the presentence report, victim impact statements, Darshan's allocution letter, and the sentencing memorandum. The court also listened to the arguments of counsel. The district court then properly considered the circumstances of the case pursuant to the § 3553(a) factors. Noting this "horrific crime" was "about as close to a homicide of two children as you can get without a death occurring," the court emphasized the need for

-3-

the sentence to reflect the seriousness of the offense. The district court's imposition of a 10-year sentence — five years less than the statutory maximum — was substantively reasonable. For the reasons expressed below, we reject Darshan's specific arguments to the contrary.

We first address Darshan's argument the court abused its discretion when considering the § 3553(a)(6) factor of avoiding unwarranted sentencing disparities. To support her argument, Darshan cites two child abuse cases where the victim died and the perpetrator received a 10-year sentence: *United States v. Shangreaux*, No. 5:15-CR-50136 (D. S.D. May 18, 2017) and *United States v. Poitra*, No. 5:11-CR-50133 (D. S.D. Jan. 3, 2013). Darshan argues her case is not comparable because her neglect of I.W.C. did not result in the child's death.

While *Shangreaux* and *Poitra* differ from Darshan's case in that the abuse caused the death of a child in those cases, we do not believe this difference justifies finding an abuse of discretion. The facts here are similarly extreme: I.W.C. was on the brink of death, and the evidence shows she would likely have died within days if she had not been discovered by the OST DPS. Due to the severe nature of the abuse and the close proximity of I.W.C. to death, the district court did not abuse its discretion by issuing a comparable sentence to those in *Shangreaux* and *Poitra.*

Darshan also argues her sentence creates an unwarranted disparity with a similarly situated co-defendant initially charged with the same crime as Darshan, but who received a punishment of pretrial diversion. We reject this argument for two reasons. First, we are not convinced Darshan and the co-defendant are "similarly situated." Unlike Darshan, the co-defendant was not a custodian of the child and was just eighteen years old. Second, "[w]hen a single defendant asserts on appeal that a similarly situated co-conspirator was sentenced differently, and both sentences are within the range of reasonableness, there is no principled basis for an appellate court to say which defendant received the 'appropriate' sentence." *United States v. Fry*, 792

F.3d 884, 893 (8th Cir. 2015).  On the record before us, we cannot say Darshan's sentence is unreasonable simply because of disparity with the co-defendant's pretrial diversion.

Lastly, Darshan argues her sentence is substantively unreasonable because if she had assaulted the child in addition to neglecting the child there would have been an applicable Guidelines range of 41 to 51 months (based on a total offense level of 22).  Darshan contends such an upward variance from the Guidelines would not be supported even if this "worse" conduct was involved in her offense.  Thus, Darshan argues a 10-year sentence in her case, when her conduct did not involve an assault, must be unreasonable. This argument is also without merit.  The Supreme Court made clear in *Gall v. United States* that the Guidelines serve as a "starting point" for sentencing and are not the "only consideration."  552 U.S. 38, 49 (2007).  The same factors that make the 10-year sentence reasonable under § 3553(a) without the Guidelines would also make the sentence reasonable with the Guidelines. Additionally, the Guidelines themselves allow for an upward departure where significant injury resulted and was either "intentionally inflicted" or, as here, "knowingly risked."  *See* U.S.S.G. § 5K2.2.  The court was within its discretion to enter a 10-year sentence considering the severity of the neglect and the harm caused to the child.

### III.  Conclusion

For the reasons set forth herein, we affirm.

_____